IN THE UNITED STATES DISTRICT COURTFOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENELOPE BELL

Plaintiff

v.

CITY OF CLAIRTON, ERIC FUSCO
and DUANE RINGGOLD,

Defendants,

Civil Action No. 2:25-cv-01161

Honorable Nora Barry Fischer

Electronically Filed

# REPLY BRIEF IN RESPONSE TO DEFENDANT RINGGOLD'S MOTION FOR JUDGMENT ON THE PLEADINGS

## *1.* Introduction

Plaintiff Penelope Bell, by and through her undersigned counsel, respectfully submits this Reply Brief in Opposition to Defendant Duane Ringgold's Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c). Defendant's motion should be denied because equitable tolling principles preserve Plaintiff's claims, her federal employment discrimination claims are viable at this stage of the proceedings, and she has not failed to join an indispensable party.

## *2.* Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standards that apply to a Rule 12(b)(6) motion to dismiss. , Caprio v. Healthcare Revenue Recovery Group, LLC, 709 F.3d 142(3rd Cir. 2013). The Court must accept all of the allegations in Plaintiff's pleadings as true and draw all reasonable inferences in favor of Plaintiff as the non-moving party. Caprio v. Healthcare Revenue Recovery Group, LLC, 709 F.3d 142 (3rd Cir. 2013). The Court may grant a Rule 12(c) motion only if, on the basis of the pleadings, the movant is entitled to judgment as a

matter of law. Caprio v. Healthcare Revenue Recovery Group, LLC, 709 F.3d 142 (3rd Cir. 2013).

***3.*** **Argument**

### 1. Plaintiff's State Law Claims (Counts I-IV) and § 1983 Claim (Count IX) Are Not Time-Barred Due to Equitable Tolling

Defendant Ringgold argues that Plaintiff's state law claims for sexual assault, rape, battery, and intentional infliction of emotional distress (Counts I-IV), as well as her § 1983 claim (Count IX), are time-barred under Pennsylvania's two-year statute of limitations. , . While Pennsylvania law generally requires that personal injury actions be commenced within two years, this Court should apply equitable tolling principles to preserve Plaintiff's claims, Garvin v. City of Philadelphia, 354 F.3d 215 (3rd Cir. 2003).

Section 1983 claims borrow the underlying state's statute of limitations for personal-injury torts, which in Pennsylvania is two years. , . However, equitable tolling may be appropriate where "the defendant has actively misled the plaintiff respecting the cause of action," "the plaintiff has in some extraordinary way been prevented from asserting his rights," or "the plaintiff has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." Doherty v. Teamsters Pension Trust Fund, 16 F.3d 1386 (3rd Cir. 1994).

Equitable tolling is appropriate in this case because Defendant actively misled Plaintiff and prevented her from asserting her rights through threats and intimidation. Specifically, Plaintiff alleges that Defendant told her snitches get stitches and that she should never report his misconduct. . Defendant also put his hands around Plaintiff's neck in a threatening manner and told her, "I heard bitches like this kind of stuff, it turns them on". . These allegations, which must be accepted as true at this stage of the proceedings, demonstrate that Defendant engaged in active concealment and intimidation designed to prevent Plaintiff from timely reporting his misconduct.

Equitable tolling "can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Cunningham v. M&T Bank Corp., 814 F.3d 156 ( 3rd Cir. 2016). Defendant's explicit threats against reporting his misconduct fall squarely within these recognized grounds for equitable tolling. The threatening nature of the snitches get stitches statement, combined with the explicit instruction not to

report, demonstrates Defendant's deliberate attempt to prevent Plaintiff from asserting her legal rights within the statutory period. .

2. **Plaintiff's Title VII and ADEA Claims (Counts VI-VIII) Are Viable Against Defendant Ringgold**

    1. **Individual Liability Under Title VII and ADEA**

Defendant argues that he cannot be held individually liable under Title VII and the Age Discrimination in Employment Act (ADEA). , . While courts have generally held that individual employees cannot be held liable under these statutes, Plaintiff's claims against Defendant Ringgold should nonetheless survive at this stage for several reasons.

First, Plaintiff's claims against Defendant are intertwined with her claims against the City of Clairton, her employer. The alleged discriminatory conduct was perpetrated by Defendant while acting within the scope of his employment, making his conduct attributable to the employer for purposes of Title VII and ADEA liability, 42 USCS § 1981a.

Second, dismissing the Title VII and ADEA claims against Defendant at this stage would be premature, as discovery may reveal facts supporting alternative theories of liability or clarify the relationship between Defendant and the City of Clairton.

2. **Exhaustion of Administrative Remedies**

Defendant also argues that Plaintiff failed to exhaust her administrative remedies with respect to her Title VII and ADEA claims. , . However, this argument is premature at the pleading stage. A plaintiff seeking relief under the ADEA must exhaust administrative remedies as mandated by 29 U.S.C. § 626(d), which requires plaintiffs in deferral states such as Pennsylvania to file charges with the Equal Employment Opportunity Commission (EEOC) within 300 days of the last date of alleged discrimination. , .

Moreover, Plaintiff's allegations that Defendant actively intimidated her from reporting his

misconduct provide grounds for equitable tolling of the administrative filing deadlines. The same threats that prevented Plaintiff from timely filing her lawsuit-that snitches get stitches-would have similarly prevented her from timely filing an administrative charge. .

### 3. Continuing Violation Doctrine for Hostile Work Environment

Under the continuing violation doctrine, discriminatory acts that are not individually actionable may be aggregated to make out a hostile work environment claim, and such acts can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period. , . A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice and cannot be said to occur on any particular day. , .

Here, Plaintiff alleges a pattern of harassment and inappropriate conduct spanning from August 2018 until March 2023. . Under the continuing violation doctrine, as long as some acts occurred within the limitations period, the entire pattern of harassment can be considered. Given that Defendant's conduct allegedly continued until March 2023, and considering the equitable tolling arguments, the hostile work environment claim should survive the statute of limitations challenge.

### 4. Plaintiff Has Not Failed to Join an Indispensable Party

Defendant's argument that former mayor Richard Lattanzi is an indispensable party who should have been joined under Federal Rule of Civil Procedure 19 is without merit. , . Defendant has failed to satisfy the stringent requirements for mandatory joinder under Rule 19(a).

Federal Rule of Civil Procedure 19(a) establishes that a person must be joined as a party only if specific conditions are met, including when "in that person's absence, the court cannot accord complete relief among existing parties" or when the absent party "claims an interest relating to the subject of the action.". . This court reviews for abuse of discretion a district court's Rule 19(b) determination that a party is indispensable and that dismissal is required because the party's joinder

would destroy subject matter jurisdiction.

First, complete relief can be accorded among the existing parties without joining the former mayor. Plaintiff's claims against Defendant Ringgold are based on his individual actions and conduct, which can be fully adjudicated without reference to any separate actions by the former mayor. .

Second, the former mayor has not claimed any interest relating to the subject matter of this action that would be impaired by his absence. Without a demonstrated claim of interest by the absent party, the requirements of Rule 19(a) cannot be satisfied. .

Third, there is no substantial risk that Defendant will incur inconsistent obligations by reason of the former mayor's absence. Rule 19(a)(1)(B)(ii) protects named parties against inconsistent obligations, not inconsistent adjudications. . The rule "protects a party against situations in which two court orders may be entered and compliance with one might breach the other". .

Finally, adding the former mayor as a party would unnecessarily complicate and delay these proceedings, expanding the scope of discovery and litigation. This expansion would increase costs for Plaintiff and delay resolution of her claims against the existing defendants. .

### *4.* Conclusion

For the foregoing reasons, Defendant Duane Ringgold's Motion for Judgment on the Pleadings should be denied in its entirety. Plaintiff's claims are not time-barred due to equitable tolling principles, her Title VII and ADEA claims are viable at this stage of the proceedings, and she has not failed to join an indispensable party.

**WHEREFORE**, Plaintiff Penelope Bell respectfully requests that this Honorable Court deny Defendant Duane Ringgold's Motion for Judgment on the Pleadings.

Respectfully submitted,

Sharon Wigle, Esq.

Sharon L. Wigle, Attorney at Law
Sharon Lawruler L.L.C
471 Hill Churches RD
Latrobe, Pennsylvania 15650

P (724) 420-0937

F-1-800-373-5652

Sharon@Lawruler. onmicrosoft.com
PA I.D. : 59964
Attorney for Plaintiff

Date: March 19, 2026